UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JERRY EISENBAND,
individually and on behalf of all
others similarly situated,                                                              CASE NO..: 0:18-cv-60053-BB

      Plaintiff,

v.

THE CREDIT PROS INTERNATIONAL
CORPORATION, a foreign corporation,

      Defendant.
_____/

**DEFENDANT, THE CREDIT PROS INTERNATIONAL
CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, The Credit Pros International Corporation ("Defendant" or "Credit Pros"), by and through the undersigned attorneys, hereby responds to Plaintiff, Jerry Eisenband's ("Plaintiff") Complaint filed on January 10, 2018, [D.E. 1] as follows:

**NATURE OF ACTION**

1. Defendant admits that Plaintiff purports to assert claims against it on behalf of a putative class for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), but denies violating the TCPA and denies that this action may be properly maintained as a class action. Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2. Paragraph 2 of Plaintiff's Complaint is a legal conclusion that does not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits Plaintiff seeks injunctive relief and statutory damages, but

denies Plaintiff's entitlement thereto, including denying the applicability of any such damages referenced in paragraph 4. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 5 of the Complaint.

6. Paragraph 6 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 6 of the Complaint.

7. Defendant is without knowledge of the allegations set forth in paragraph 7 and therefore, denies same.

8. Defendant admits it is a foreign corporation. Defendant denies it is located at 60 Park Place, Suite 306, Newark, New Jersey 07102. Defendant is located at 60 Park Place, Suite 200, Newark, New Jersey 07102. Defendant denies the remainder of the allegations in paragraph 8.

9. Paragraph 9 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 9 of the Complaint.

10. Paragraph 10 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 10 of the Complaint.

11. Paragraph 11 of Plaintiff's Complaint contains legal conclusions that do not call

for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 11 of the Complaint.

12. Paragraph 12 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 12 of the Complaint.

13. Paragraph 13 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 13 of the Complaint.

14. Paragraph 14 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 14 of the Complaint.

15. Paragraph 15 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 15 of the Complaint.

16. Paragraph 16 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 16 of the Complaint.

17. Paragraph 17 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 17 of the Complaint.

18. Paragraph 18 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 18 of the Complaint.

19.     Paragraph 19 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 19 of the Complaint.

20.     Paragraph 20 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 20 of the Complaint.

21.     Paragraph 21 of Plaintiff's Complaint contains legal conclusions that do not call for a response. To the extent a response is required, Defendant denies the legal conclusions and theories contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendant is without knowledge of the allegations set forth in Paragraph 30 of Plaintiff's Complaint, and therefore denies same.

31. Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendant admits that Plaintiff purports to assert class action claims but denies that this action may be properly maintained as a class action and denies that there are other similarly situated.

33. Defendant admits that Plaintiff purports to assert class action claims but denies that this action may be properly maintained as a class action and denies that there are other similarly situated. Defendant denies the remaining allegations in paragraph 33 of the Complaint.

34. Paragraph 34 of Plaintiff's Complaint contains a legal conclusion that does not call for a response. Defendant denies the remaining allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendant is without knowledge of the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Paragraph 37 of Plaintiff's Complaint contains legal conclusions that do not call for a response. Defendant denies the remaining allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

## COUNT 1
## Violations of the TCPA, 47 U.S.C. § 227

43. Defendant re-alleges and re-incorporates its responses, to paragraphs 1 through 42 above, as if fully set forth herein.

44. Paragraph 44 of Plaintiff's Complaint contains legal conclusions that do not call for a response. Defendant denies the remaining allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

## COUNT 2
## Violations of the TCPA, 47 U.S.C. § 227

51. Defendant re-alleges and re-incorporates its responses, to paragraphs 1 through 42 above, as if fully set forth herein.

52. Paragraph 52 of Plaintiff's Complaint contains legal conclusions that do not call for a response. Defendant denies the remaining allegations in paragraph 52 of the Complaint.

53. Paragraph 53 of Plaintiff's Complaint contains legal conclusions that do not call for a response. Defendant denies the remaining allegations in paragraph 53 of the Complaint.

54. Paragraph 54 of Plaintiff's Complaint contains legal conclusions that do not call for a response. Defendant denies the remaining allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies the allegations set forth in Plaintiff's Prayer for Relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent expressly consented to, ratified, and/or acquiesced in receiving the subject alleged telephone calls.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent lack of standing to bring this action because neither Plaintiff nor the putative class members suffered the requisite harm

required to confer standing under Article III of the United States Constitution. In addition, Plaintiff, upon information and belief, does not own the account for the phone number allegedly called.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff is pursuing this litigation as a class action, not to seek compensation for damages allegedly suffered, as contemplated by statute, but to seek to enrich himself by seeking disproportionate payments from Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to sufficiently allege that a class action is proper or appropriate, therefore, Plaintiff is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege, because he cannot allege, any facts to suggest there are any other members of the proposed classes. Instead, Plaintiff merely hypothesizes there may be others. Similarly, Plaintiff has not alleged, because he cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the proposed classes, or that Plaintiff will fairly and adequately protect the interests of the proposed classes. Rather, Plaintiff's Complaint merely parrots the language of Rule 23 of the Federal Rules of Civil Procedure without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequate representative requirements for this case to proceed as a class action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited because the alleged damages to Plaintiff and/or the putative class Plaintiff seeks to represent were caused in whole or in part by the acts or omissions of third parties over which Defendant had and has no control of/over, and/or by the acts or omissions of Plaintiff and/or the putative class members.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are limited to the extent any telephone calls that are alleged to have violated the TCPA are exempt from liability under the TCPA and/or the rules and regulations proscribed by the Federal Communications Commission.

### NINETH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent cannot state a claim against Defendant upon which relief can be granted because Defendant did not and does not place calls using an automated telephone dialing system ("ATDS") as alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent cannot state a claim against Defendant upon which relief can be granted because Defendant did not and does not place calls using an artificial and/or prerecorded voice as alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because the alleged subject telephone calls complied with the requirements set forth in 47 C.F.R. §64.1200.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant did not knowingly or willfully make the alleged subject telephone calls or other alleged telephone calls in violation of the TCPA.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant did not negligently make the alleged subject telephone calls or other alleged calls in violation of the TCPA.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are de minimis and non-actionable, and any such damages are not representative and/or

the same as the putative class members Plaintiff seeks to represent.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every purported cause of action contained therein that Plaintiff seeks to allege are barred because any wrongdoing by Defendant, which Defendant denies, was caused by mistake.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because Plaintiff and/or the putative class failed to mitigate their damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it acted.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail, in whole or in part, because Plaintiff and/or the putative class failed to join all necessary and/or indispensable parties to this suit, as required by Rule 19 of the Federal Rules of Civil Procedure.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent cannot state a claim against Defendant upon which relief can be granted because Defendant did not and does not place calls in violation of the National Do-Not-Call List as alleged in the Complaint.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent fail to state a claim upon which relief can be granted because Plaintiff failed to satisfy and failed to allege satisfaction of all conditions precedent to bringing this action.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail because the alleged subject telephone calls were not made by equipment with capacity to generate random telephone numbers to be dialed and therefore, the equipment cannot be considered an ATDS.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail, in whole or in part, because any purported damages and/or injury alleged to have been suffered by Plaintiff and/or the putative class Plaintiff seeks to represent were self-induced and/or created by Plaintiff and/or the putative class Plaintiff seeks to represent.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief, and/or the claims for injunctive relief of the punitive class that Plaintiff seeks to represent, are barred, in whole or in part, because there is neither continuing harm nor any real and immediate danger of injury in the future to the Plaintiff or the punitive class Plaintiff seeks to represent.

### **RESERVATION OF RIGHTS**

Defendants reserve the right to amend or add to its affirmative defenses upon discovery of new information or evidence or as justice so requires.

### **JURY DEMAND**

Defendant hereby demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of February, 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

                COLE, SCOTT & KISSANE, P.A.
                *Counsel for Defendant*
                Esperante Building
                222 Lakeview Avenue, Suite 120
                West Palm Beach, Florida 33401
                Telephone (561) 383-9203
                Facsimile (561) 683-8977
                Primary e-mail: jonathan.vine@csklegal.com
                Secondary e-mail: nina.schmidt@csklegal.com

By:  s/ Nina C. Schmidt
       JONATHAN VINE
       Florida Bar No.:  10966
       NINA C. SCHMIDT
       Florida Bar No.:  118900

Copies furnished to:

HIRALDO P.A.
Manuel S. Hiraldo, Esq.
401 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
*Counsel for Plaintiff and the Class*

KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
Jeffrey M. Ostrow, Esq.
ostrow@kolawyers.com
Scott A. Edelsberg, Esq.
edelsberg@kolawyers.com
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
*Counsel for Plaintiff and the Class*

Case No.: 0:18-cv-60053-BB

SHAMIS & GENTILE, P.A.
Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
*Counsel for Plaintiff and the Class*